## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | CASE No.     19-50934 (JAM) |
| RICHARD CAIRES, ) | |
| ) | CHAPTER     7 |
|     DEBTOR. ) | |
| _____ ) | |
| JP MORGAN CHASE BANK, NA, ) | |
|     MOVANT, ) | |
| ) | |
| V. ) | |
| ) | |
| RICHARD CAIRES, ) | |
|     RESPONDENT. ) | RE: ECF No.     33 |
| _____ ) | |

### Appearances

Brian D. Rich, Esq.                                                                                                                                                                           *Attorney for the Movant*
Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

Mr. Richard Caires                                                                                                                                                                                    *Pro se Debtor*

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

Julie A. Manning, Chief United States Bankruptcy Judge

      On July 12, 2019, Richard Caires (the "Debtor") filed a Chapter 7 petition in this Court. On September 13, 2019, JP Morgan Chase, National Association ("JP Morgan") filed a Motion for Relief from Stay seeking relief pursuant to 11 U.S.C. §§ 362(d)(1) and (2), and *in rem* relief pursuant to § 362(d)(4) (the "Motion for Relief from Stay"). ECF No. 33. The Debtor filed an Objection to the Motion for Relief from Stay (the "Objection"). ECF No. 37. A hearing on the Motion for Relief from Stay was held on October 15, 2019. At the conclusion of the hearing, the Court allowed the parties to file any additional information regarding the relief sought in the

Motion for Relief from Stay by October 22, 2019, which the parties did.  The Motion for Relief from Stay is now ripe for adjudication.  For the reasons set forth below, the Court grants the Motion for Relief from Stay.

## I.      Background[1]

1.      In December 2006, the Debtor purchased the real property known as 634 North Street, Greenwich, Connecticut (the "Property").  On August 1 and 2, 2007, the Debtor executed an Adjustable Rate Note in the original amount of $5,500,000.00 (the "Note"), a Construction Loan Addendum to the Note, and an Open-End Mortgage Deed (the "Mortgage") in favor of Washington Mutual Bank, FA ("WaMu").  *See* Exhibit A to Motion for Relief from Stay.

2.      JP Morgan is the holder and owner of the Note by assignment from the Federal Deposit Insurance Corporation acting in its receivership capacity as receiver for WaMu.  *See* Exhibits A and L to Motion for Relief from Stay.  Therefore, JP Morgan is a party in interest pursuant to 11 U.S.C. § 362(d) and is entitled to seek the relief set forth in the Motion for Relief from Stay.

3.      The Debtor has been in default on the Note since August 1, 2009.  The Motion for Relief from Stay asserts that the Debtor is indebted to JP Morgan in amount not less than $8,388,165.12 and the fair market value of the Property is $6,600,000.00.  *See* Exhibits L and N to Motion for Relief from Stay.

---

[1] The facts set forth herein are contained in: (i) the Motion for Relief from Stay; and/or (ii) pleadings or judgments filed in cases referenced in this decision, of which the Court takes judicial notice.

**A. The Debtor's action against JP Morgan**

4.  On November 24, 2009, the Debtor commenced an action against JP Morgan in the Connecticut Superior Court seeking: (i) damages arising from alleged fraud and violation of the Connecticut Unfair Trade Practices Act; and (ii) to estop JP Morgan from foreclosing upon the Property. *Richard Caires v. JP Morgan Chase Bank*, CV-09-6002651 (the "Debtor's action against JP Morgan").

5.  On December 30, 2009, the Debtor's action against JP Morgan was removed by JP Morgan to the United States District Court for the District of Connecticut. *Caires v. JP Morgan Chase Bank*, No. 3:09-CV-02142 (VLB).

6.  On October 21, 2010, JP Morgan filed a counterclaim against the Debtor seeking foreclosure of the Property.

7.  On July 23, 2012, the United States District Court for the District of Connecticut granted JP Morgan's Motion to Dismiss all of the Debtor's claims. Finding it lacked jurisdiction over the counterclaim, it also remanded the foreclosure counterclaim to the Connecticut Superior Court (the "Superior Court Foreclosure Action").

**B. The Superior Court Foreclosure Action and the Debtor's First Chapter 13 case**

8.  Between September 11, 2012 and November 3, 2014, several pre-trial motions were considered in the Superior Court Foreclosure Action and no fewer than six continuances of the trial date were granted. Four of those six continuances occurred after the Debtor's then counsel of record withdrew from representing the Debtor. The last of the six continuances scheduled trial for November 5, 2014.

9.  On November 3, 2014, the Debtor, represented by counsel, filed a Chapter 13 bankruptcy case in this Court (the "Debtor's First Chapter 13 case"). *In re Richard Caires*,

No. 14-51678. The filing of the Debtor's First Chapter 13 case triggered the automatic stay provided by 11 U.S.C. § 362(a) and therefore stayed the November 5th trial.

10. On January 15, 2015, this Court held a hearing on the confirmation of the Debtor's Chapter 13 Plan. The Chapter 13 Plan was not confirmed. Instead, the case was dismissed because the Chapter 13 Plan contained no information—the Debtor did nothing other than sign and file the Chapter 13 Plan. The Chapter 13 Plan was therefore completely deficient. Furthermore, although the Debtor filed the required Current Statement of Monthly Income and Calculation of Commitment Period and Disposable Income (the "Statement of Current Monthly Income"), the Debtor stated that his income was $0.00.

11. After dismissal of the Debtor's First Chapter 13 case, a series of status conferences were held in the Superior Court Foreclosure Action.

12. In June 2015, the Debtor appealed certain interlocutory rulings in the Superior Court Foreclosure Action to the Connecticut Appellate Court. *Richard Caires v. JP Morgan Chase Bank*, NA, AC 38096.

13. On December 2, 2015, the Connecticut Appellate Court granted JP Morgan's Motion to Dismiss the Debtor's appeal.

14. On December 8, 2015, the parties in the Superior Court Foreclosure Action were directed to agree to a trial date in February 2016.

15. On February 3, 2016, the Debtor's then counsel filed a Motion to Withdraw appearance, which was granted.

16. On February 11, 2016, the Superior Court rescheduled trial for April 12, 2016.

17. On April 5, 2016, the Debtor requested a continuance of the trial scheduled for April 12, 2016. On April 11, 2016, the Superior Court denied the Debtor's request.

### C. The Southern District of New York Removal Action

18. On April 11, 2016, after the Debtor's request to continue the trial was denied and the day before trial was scheduled to begin, the Debtor filed a Notice of Removal of the Superior Court Foreclosure Action to the United States District Court for the Southern District of New York (the "Southern District of New York Removal Action"). *Caires v. JP Morgan Chase Bank*, N.A., No. 1:16-CV-02694 (GBD)(RLE).

19. On April 14, 2016, the matters in the Southern District of New York Removal Action were referred to a United States Magistrate Judge.

20. On November 4, 2016, the United States Magistrate Judge issued a Report and Recommendation finding that the Southern District of New York Removal Action should be remanded to the Superior Court.

21. On January 27, 2017, the United States District Court for the Southern District of New York adopted the United States Magistrate Judge's Report and Recommendation and remanded the matter to the Superior Court.

### D. The remand of the Southern District of New York Removal Action, revival of the Superior Court Foreclosure Action, and the Debtor's Second Chapter 13 case

22. Upon remand, the Superior Court rescheduled trial to August 3, 2017.

23. On August 2, 2017, the day before the trial was to begin, the Debtor filed a Notice of Removal to the United States District Court for the District of Connecticut. *Caires v. J.P. Morgan Chase, N.A.*, No. 3:17-CV-01298 (JCH).

24. On August 3, 2017, the United States District Court for the District of Connecticut issued an Order to Show Cause why the Debtor's case should not be remanded to the state court for lack of federal subject matter jurisdiction.

25. On September 6, 2017, the United States District Court for the District of Connecticut issued an Order remanding the case to the Connecticut Superior Court because of the clear lack of federal question jurisdiction and *the untimeliness of removal. See* Exhibit N to Motion for Relief from Stay, p. 5-6 (emphasis added).

26. On September 18, 2017, the Debtor appealed the United States District Court's remand Order to the United States Court of Appeals for the Second Circuit (the "Second Circuit"). Pursuant to Federal Rule of Appellate Procedure 8(a), the appeal did not stay the Superior Court Foreclosure Action. During the pendency of the appeal, the Second Circuit denied repeated motions by the Debtor to stay the Superior Court Foreclosure Action.

27. On October 17, 2017, the Superior Court scheduled trial for December 5 and 6, 2017. On November 30, 2017, the Superior Court continued the December 5 and 6, 2017 trial to January 31, 2018.

28. On January 30, 2018, the day before the rescheduled trial date, the Debtor filed his second Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Southern District of New York (the "Debtor's Second Chapter 13 case"). *In re Richard Caires*, No. 18-10222. The filing of the Debtor's Second Chapter 13 case triggered the automatic stay provided by 11 U.S.C. § 362(a) and therefore stayed the January 31st trial.

29. On February 9, 2018, the Debtor filed his Schedules, a Chapter 13 Plan, and the Statement of Current Monthly Income. The Debtor's Chapter 13 Plan did not list any creditors or propose any treatment of secured, priority, or unsecured claims. Furthermore, in the Statement of Current Monthly Income, the Debtor stated that he had no current monthly income other than $3,800.00 in disability income.

30. On April 17, 2018, the United States Bankruptcy Court for the Southern District of New York dismissed the Debtor's Second Chapter 13 case because of (i) unreasonable delay prejudicial to creditors; (ii) failure to remit required payments to the Chapter 13 Trustee; (iii) failure to file required information; and (iv) failure to qualify as an individual eligible to seek relief under Chapter 13.

### E. The rescheduling of trial in the Superior Court Foreclosure Action, the entry of a Judgment of Strict Foreclosure, the Debtor's appeal, the decision terminating the appellate stay, and the Debtor's Third Bankruptcy case

31. Following dismissal of the Debtor's Second Chapter 13 case, the Superior Court rescheduled trial to May 9, 2018.

32. On May 9, 2018, after being informed the Debtor had been in a car accident, the Superior Court granted a final continuance of the trial to May 22, 2018.

33. On May 21, 2018, the Debtor filed a Motion for Continuance of the trial. The Superior Court denied the Motion for Continuance the same day it was filed.

34. On May 22, 2018, the Debtor failed to appear for trial. The Superior Court then entered a Judgment of Strict Foreclosure against the Debtor and determined that: (i) JP Morgan is the holder and owner of the Note secured by the first mortgage on the property located at 634 North Street, Greenwich, Connecticut; (ii) the Debtor is in default of the terms of the Note; (iii) the fair market value of the Property is $6,600,000.00; and (iv) the debt owed to JP Morgan is $8,388,165.12. The Judgment of Strict Foreclosure also set the law day as July 10, 2018. *See* Exhibit L to Motion for Relief from Stay.

35. On June 6, 2018, the Debtor appealed the Judgment of Strict Foreclosure, thus triggering the appellate stay under state law. *Richard Caires v. JP Morgan Chase Bank*, N.A., AC 41746; *see also* Connecticut Practice Book § 61-11(a).

7

36. On June 6, 2019, the Superior Court granted JP Morgan's motion to terminate the appellate stay. In its Memorandum of Decision, the Superior Court found that the Debtor's appeal was filed "*for delay only* and that due administration of justice requires the stay to be terminated." *See* Exhibit I to Motion for Relief from Stay, p. 7 (emphasis added).

37. On July 2, 2019, JP Morgan filed a Motion for Order to Reset Law Days following the termination of the appellate stay. *See* Exhibit K to Motion for Relief from Stay. The Superior Court scheduled oral argument on the Motion for Order to Reset Law Days for July 15, 2019.

38. On July 12, 2019, the Debtor filed this Chapter 7 case, which is the third bankruptcy case filed by the Debtor since November 2014 (the "Debtor's Third Bankruptcy case").

39. On July 18, 2019, the Second Circuit denied the Debtor's appeal of the Order remanding the foreclosure action to the Superior Court, holding that the United States District Court's finding that it lacked subject matter jurisdiction over the Superior Court Foreclosure Action was not reviewable.

40. On September 13, 2019, JP Morgan filed the Motion for Relief from Stay.

## II. **Discussion**

JP Morgan seeks relief from the automatic stay under 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4). Section 362(g) provides that the party requesting relief from the automatic stay has the burden of proof on the question of the debtor's equity in property and the party opposing relief has the burden on all other issues. 11 U.S.C. § 362(g). The moving party must first establish its *prima facie* case for relief. 3 *Collier on Bankruptcy*, ¶ 362.10, p. 362-135 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.). A *prima facie* case requires a movant to show "a factual and

legal right to the relief it seeks." *Id*. Under section 362(d), if a movant presents a *prima facie* case and no contrary evidence is presented, the Court "shall" grant the relief requested. 11 U.S.C. § 362(d). After a careful review of the record in this case, the Court finds that JP Morgan has met its burden and grants it relief under sections 362(d)(1), (d)(2), and (d)(4).

### A. Cause exists under Section 362(d)(1) for granting relief from the stay

Section 362(d)(1) provides,

> On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

11 U.S.C. § 362(d)(1) (emphasis added). Cause is not defined in the Bankruptcy Code, but includes non-payment of a debt or a lack of adequate protection. *See In re Uvaydov*, 354 B.R. 620, 624 (Bankr. E.D.N.Y. 2006) (finding that debtor's failure to pay over $50,000 of post-petition mortgage payments over an eleven-month period constituted "more than ample cause to lift the automatic stay"); *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 333 (Bankr. S.D.N.Y. 2001) (noting that "[t]he failure to provide adequate protection when the property is declining in value is a classic basis for granting relief from the stay for cause.").

The Motion for Relief from Stay establishes that cause exists to grant relief under section 362(d)(1) because, among other things, the Debtor has not made a mortgage payment since August 1, 2009. *See* Exhibit N to Motion for Relief from Stay. Further, cause exists because of the entry of the Judgment of Strict Foreclosure in the Superior Court. *See* Exhibit L to Motion for Relief from Stay. The Judgment of Strict Foreclosure establishes that no equity exists in the Property because the $8,523,458.52 debt exceeds the $6,600,000.00 fair market value of the Property. *See id.* The Debtor has provided no evidence to refute that he has not made a

mortgage payment since August 1, 2009, or that the Judgment of Strict Foreclosure is a final, non-appealable judgment that is binding on this Court under the *Rooker-Feldman* doctrine. *Phifer v. City of New York*, 289 F.3d 49, 55-56 (2d Cir. 2002); *Gentner v. Shulman*, 55 F.3d 87, 89 (2d Cir. 1995). Accordingly, JP Morgan is granted relief from the stay under section 362(d)(1).

### B. Relief from the stay is also granted under Section 362(d)(2)

JP Morgan next moves for relief under section 362(d)(2), arguing the Debtor has no equity in the Property and that the Property is not necessary to an effective reorganization. The Court agrees.

Section 362(d)(2) states,

> On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (2) with respect to a stay of an act against property under subsection (a) of this section if the debtor does not have an equity in such property and such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2) (emphasis added). As established above, no equity in the Property exists because the $8,523,458.52 debt exceeds the $6,600,000.00 fair market value of the Property. *See* Exhibit L to Motion for Relief from Stay. In addition, the Property is not necessary to an effective reorganization because Chapter 7 provides for liquidation of a debtor's assets, not reorganization. As such, relief under section 362(d)(2) is granted. *See In re Escobar*, 457 B.R. 229, 242 (Bankr. E.D.N.Y. 2011) (granting relief from stay under section 362(d)(2) when movant showed Chapter 7 debtor's lack of equity in the property and because effective reorganization is not possible in a Chapter 7 case).

### C. JP Morgan is also entitled to *in rem* relief under Section 362(d)(4)

JP Morgan also argues it is entitled to *in rem* relief because the Debtor has filed multiple bankruptcy cases as part of a scheme to delay, hinder, or defraud JP Morgan's efforts to complete the Superior Court Foreclosure Action. The Court agrees.

Pursuant to 11 U.S.C. § 362(d)(4),

> On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved –
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4) (emphasis added). *In rem* relief is available "when a creditor has demonstrated that the bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors," *In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017), and involves multiple bankruptcy filings affecting real property, *In re Muhaimin*, 343 B.R. 159, 167 (Bankr. D. Md. 2006).

Bankruptcy courts may "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone." *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (citation omitted); *see also In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *6 (Bankr. N.D.N.Y. Apr. 3, 2018) (explaining a court can "draw a permissible inference of a scheme to hinder, delay, and defraud based on the mere timing and filing of several bankruptcy cases."); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009) (recognizing the timing and sequencing of the filings significant to finding a scheme to hinder, delay, or defraud).

### 1. The timing of the filing of the Debtor's bankruptcy cases

The record establishes that the Debtor filed multiple bankruptcy cases to stay the trial in the Superior Court Foreclosure Action and to frustrate the JP Morgan's right to foreclose. It cannot be refuted that each of the Debtor's bankruptcy cases stayed a scheduled trial date or the resetting of law days in the Superior Court Foreclosure Action.

For example, the Debtor's Third Bankruptcy case was filed just one month after the Superior Court took the unusual step of terminating an appellate stay that would remain in effect pursuant to Connecticut Practice Book § 61-11(d). The Superior Court found that the Debtor's appeal was filed "*for delay only*." *See* Exhibit I to Motion for Relief from Stay, p. 7 (emphasis added). Because the Judgment of Strict Foreclosure was no longer stayed by the appeal, the Superior Court scheduled oral argument on JP Morgan's Motion for Order to Reset Law Days for July 15, 2019. On July 12, 2019, a mere three days before oral argument was to be held, the Debtor's Third Bankruptcy case was filed.

This Court is not the first to note that the Debtor's actions have delayed, hindered, or defrauded JP Morgan. In its Memorandum of Decision terminating the appellate stay, the Superior Court stated it "does not grant motions to terminate the automatic appellate stay lightly. In fact it has denied earlier motions to terminate the appellate stay filed in this case . . . in an effort to give Caires the benefit of the doubt notwithstanding the apparent and systemic conduct of Caires in abusing judicial processes to delay an adjudication of the substantive issues raised by the bank's foreclosure count." *See* Exhibit I to Motion for Relief from Stay, p. 8.

The United States District Court for the District of Connecticut also noted the Debtor's abuse of judicial processes after the Debtor, twice on the eve of trial, removed the Superior Court Foreclosure Action. In fact, the District Court held that the grounds for the removal were "so

baseless and the lack of jurisdiction to maintain this case on its docket is so clear that the interests of justice call for the court's action sua sponte." *See* Exhibit N to Motion for Relief from Stay, p. 2 at n. 1. The District Court further observed that the Debtor "has engaged in a troubling pattern of filing meritless notices of removal on the eve of state court trial that is to determine whether JPM[C] is entitled to foreclose on his property." *See* Exhibit N to Motion for Relief from Stay, p. 7. The District Court advised the Debtor that it would consider (1) prohibiting attempted future removal of this action to any federal court and (2) imposing monetary sanctions for continued meritless removal attempts.

### 2. The Debtor's bankruptcy cases were filed with no legitimate bankruptcy purpose

The Debtor's bankruptcy cases served no bankruptcy purpose other than to stay trial and the resetting of law days in the Superior Court Foreclosure Action. All three cases were filed to delay, hinder, or defraud JP Morgan's exercise of its rights.

By way of example, in neither Chapter 13 case did the Debtor confirm a Chapter 13 Plan—one of the most important goals in a Chapter 13 case. Both of the Debtor's Chapter 13 cases were dismissed under section 1307(c)(1) for unreasonable delay by the Debtor prejudicial to creditors, which includes failure to confirm a Chapter 13 Plan. In dismissing the Debtor's Second Chapter 13 case, the United States Bankruptcy Court for the Southern District of New York also found that the Debtor failed to make Chapter 13 Plan payments under section 1307(c)(4) and failed to submit required documentation under section 521(i) and section 521 (e)(2)(A)(i) and (2)(B). Finally, although relief under Chapter 13 of the Bankruptcy Code is available to individuals with regular income, the Debtor admitted in the Statement of Monthly Income filed in both of his Chapter 13 cases that he had little or no income to fund a Chapter 13

Plan. These facts, and the totality of the circumstances surrounding the Debtor's multiple bankruptcy filings, establish that the Debtor's cases had no bankruptcy purpose.

In sum, because JP Morgan has demonstrated the Debtor has engaged in multiple bankruptcy filings affecting the Property and has "used the bankruptcy filings as a scheme to delay foreclosure proceedings against the Property," relief under section 362(d)(4) is warranted. *See In re O'Farrill*, 569 B.R. at 592.

### D. The Objection to the Motion for Relief from Stay

Although the Motion for Relief from Stay is granted, it is important to address the Debtor's arguments set forth in the Objection. The Objection asserts, among other things, that JP Morgan is not the holder of the Note and is not entitled to enforce it. The Court has considered all of the Debtor's arguments and finds they are without merit.

A final Judgment of Strict Foreclosure entered in the Superior Court Foreclosure Action prior to the filing of the Debtor's Third Bankruptcy case. The Judgment of Strict Foreclosure necessarily found that the Debtor owed a debt to JP Morgan and that JP Morgan was entitled to foreclose the mortgage. *See Bank of New York Mellon v. Bell*, No. 3:11-CV-1255 JAM, 2014 WL 7270232, at *3 (D. Conn. Dec. 18, 2014), *aff'd sub nom. Bank of New York Mellon as Tr. for BS ALT A 2005-9 v. Bell*, 745 F. App'x 427 (2d Cir. 2018) ("In order to succeed on a foreclosure action, plaintiff must establish three elements: (1) that it owns the secured debt, (2) that the defendants have defaulted on the note, and (3) that any conditions precedent to foreclosure established by the note or mortgage are satisfied.") (citing *Wells Fargo Bank, N.A. v. Strong,* 149 Conn.App. 384, 392, 89 A.2d 392, *cert. denied,* 94 A.3d 1202 (2014)).

The Debtor is precluded from relitigating in this Court the issues that were decided in the Superior Court Foreclosure Action. "Under the doctrine of *res judicata,* or claim preclusion, '[a]

final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)).  Whether the Debtor owes a debt to JP Morgan and whether JP Morgan is a party in interest entitled to relief from the automatic stay were fully and finally decided in the Superior Court Foreclosure Action.  The Superior Court concluded in the Judgment of Strict Foreclosure the following: (i) JP Morgan is the holder and owner of the Note; (ii) the Debtor is in default of the Note's terms; (iii) the fair market value of the Property is $6,600,000.00; (iv) and the debt owed to JP Morgan is not less than $8,523,458.52.  The Superior Court decision is a final judgment that this Court cannot review.  Therefore, the Debtor is precluded from relitigating in this Court the issues that were fully and finally determined in the Superior Court Foreclosure Action.

Finally, under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to review state court decisions." *Gentner v. Shulman*, 55 F.3d 87, 89 (2d Cir. 1995).  When a party's claims before the federal court were raised in the state court proceedings, the doctrine deprives the federal court of jurisdiction over those claims.  *See Phifer v. City of New York*, 289 F.3d 49, 55-56 (2d Cir. 2002).

Accordingly, it is hereby

**ORDERED**: JP Morgan is granted relief from the automatic stay under 11 U.S.C. §§ 362(d)(1), 362(d)(2), and 362(d)(4) and a separate Order granting relief from the stay will enter; and it is further

**ORDERED**: The 14-day stay provided in Federal Rule of Bankruptcy Procedure 4001(a) is hereby waived; and it is further

**ORDERED**: At or before 4:00 p.m. on January 29, 2020, the Clerk's Office shall serve this Order upon the Debtor via Certified Mail, return receipt requested, at 634 North Street, Greenwich, Connecticut, 06830, which is the address listed on the Debtor's petition.

Dated at Bridgeport, Connecticut this 29th day of January, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut