# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO.    19-50934 (JAM) |
| RICHARD CAIRES, ) | |
| ) | CHAPTER    7 |
| DEBTOR. ) | |
| ) | |
| JP MORGAN CHASE BANK, NA, ) | |
| MOVANT, ) | |
| ) | |
| V. ) | RE: ECF NO.    86 |
| ) | |
| RICHARD CAIRES, ) | |
| ) | |
| RESPONDENT. ) | |

### Appearances

Brian D. Rich, Esq.                                                                                  *Attorney for the Movant*
Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

Mr. Richard Caires                                                                                 *Pro se Debtor*

### MEMORANDUM OF DECISION AND ORDER DENYING MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR RELIEF FROM AUTOMATIC STAY

Julie A. Manning, Chief United States Bankruptcy Judge

Before the Court is a Motion to Dismiss, or in the Alternative, for Relief from the Automatic Stay to Pursue State Court Deficiency Judgment of JP Morgan Chase, National Association ("JP Morgan") dated January 12, 2021 (the "Motion to Dismiss or for Relief From Stay," ECF No. 86).  Mr. Richard Caires (the "Debtor") filed an Objection to the Motion to Dismiss or for Relief From Stay on January 15, 2021 (the "Objection," ECF No. 89).  The Court held a hearing on the Motion to Dismiss or for Relief From Stay on February 9, 2021.  At the

conclusion of the hearing, the Motion to Dismiss or for Relief From Stay was taken under advisement.

For the reasons set forth below, after careful consideration of the Motion to Dismiss or for Relief From Stay, the Objection, and under the specific facts and circumstances of this case, the relief sought in the Motion to Dismiss or for Relief From Stay is denied.

**I.    BACKGROUND**

1. The Debtor filed this Chapter 7 case on July 12, 2019. The Debtor filed two prior Chapter 13 cases, both of which were dismissed without the Debtor being granted a discharge.

2. On September 13, 2019, JP Morgan filed a Motion for Relief from Stay pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4) (the "Motion for Relief from Stay"). The Motion for Relief from Stay sought relief from the automatic stay, including *in rem* relief, so that JP Morgan could continue a state court foreclosure action against the Debtor in which a judgment of strict foreclosure had entered in JP Morgan's favor (the "State Court Foreclosure Action").

3. On October 11, 2019, JP Morgan commenced an adversary proceeding against the Debtor by filing a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(3), (4), and (5) (the "Objection to Discharge adversary proceeding"). *See* Adversary Proceeding No. 19-5026.

4. On October 16, 2019, the Court issued an Order staying the Objection to Discharge adversary proceeding until further order of the Court.

5. On January 29, 2020, the Court issued a Memorandum of Decision and Order granting the Motion for Relief from Stay under §§ 362(d)(1) and (2) and *in rem* relief under § 362(d)(4) so that JP Morgan could continue to prosecute the State Court Foreclosure Action (the "Order Granting Relief from Stay," ECF Nos. 64, 66).

6. On January 30, 2020, the Debtor appealed the Order Granting Relief from Stay.

7. Following the entry of the Order Granting Relief from Stay, title to the property that is the subject of the State Court Foreclosure Action passed to JP Morgan on January 6, 2021. JP Morgan filed a Certificate of Foreclosure on the land records on January 7, 2021. *See* Exhibit A to the Motion to Dismiss or for Relief From Stay.

8. The United States District Court for the District of Connecticut issued an Order affirming the Order Granting Relief from Stay on January 15, 2021 (the "District Court Order").

9. On February 4, 2021, the Debtor filed a Notice of Appeal of the District Court Order in the United States Court of Appeals for the Second Circuit.

## II.  DISCUSSION

In the Motion to Dismiss or for Relief From Stay, JP Morgan seeks dismissal of the Debtor's Chapter 7 case with prejudice with a two-year bar on future bankruptcy filings. JP Morgan argues that the Debtor's case was not brought in good faith, which amounts to "cause" for dismissal under 11 U.S.C. § 707(a). JP Morgan further contends that the lengthy procedural history in the State Court Foreclosure evidences that this Chapter 7 case was filed in bad faith, which is grounds for dismissal with prejudice. JP Morgan seeks dismissal of this Chapter 7 case, or in the alternative, relief from stay, so that it may pursue a deficiency judgment against the Debtor in the State Court Foreclosure Action. The Motion to Dismiss or for Relief From Stay is denied for two reasons.

First, JP Morgan obtained relief from stay in this case on January 29, 2020. The Order Granting Relief from Stay allowed JP Morgan to continue to prosecute its applicable nonbankruptcy law rights and remedies in the State Court Foreclosure Action. Since JP Morgan was already granted relief from the stay under section 362(d)(1) and

(d)(2), and *in rem* relief under section 362(d)(4), there is no stay in effect under section 362(a) with respect to any appropriate rights and remedies JP Morgan has in the State Court Foreclosure Action.  Although the Order Granting Relief from Stay was affirmed by the District Court Order, the Debtor has filed an appeal of the District Court Order.  Unless there is a stay of the District Court Order, it appears that JP Morgan can exercise all appropriate rights and remedies under applicable nonbankruptcy law.

Second, due to the pending Objection to Discharge adversary proceeding, it would not be appropriate at this time to grant JP Morgan's request that the Debtor's case be dismissed.  To do so would allow JP Morgan to avoid prosecuting the Objection to Discharge adversary proceeding.  Accordingly, a separate Order will enter in the Objection to Discharge adversary proceeding lifting the stay to allow JP Morgan to prosecute the adversary proceeding or seek to dismiss it in accordance with the applicable provisions of Fed. R. Civ. P. 41 and Fed. R. Bankr. P. 7041.

### III. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED:** The request for relief from the automatic stay set forth in Motion to Dismiss or for Relief From Stay is denied as moot; and it is further

**ORDERED:** The request for relief for dismissal of the Debtor's case in Motion to Dismiss or for Relief From Stay is denied at this time for the reasons set forth above; and it is further

**ORDERED:** An order shall enter lifting the stay of the Objection to Discharge adversary proceeding; and it is further

**ORDERED:** At or before 4:00 p.m. on March 10, 2021, the Clerk's Office shall serve this Order upon the Debtor via U.S. Mail at the address listed on the petition.

Dated at Bridgeport, Connecticut this 10th day of March, 2021.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut